**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Arnoldo Saavedra Chavira,<br><br>Defendant. | No. CR-15-01465-001-TUC-CKJ (EJM)<br><br>**ORDER** |

The Court has reviewed and considered the Motion for Early Termination of Supervised Release (Doc. 115) filed by Defendant Arnoldo Saavedra Chavira ("Chavira"). The government has filed a response indicating government counsel adopts the recommendation of the probation officer who opposes the early termination of supervised release.

As summarized by the government:

> A federal grand jury indicted the defendant for the crimes of Count 1: Bulk Cash Smuggling and Count 2: Evading Reporting Requirements, occurring on or about July 16, 2015, at or near Nogales, in the District of Arizona. (ECF # 12). On February 8, 2017, this Court sentenced the defendant to a 6-month term of incarceration to be followed by 36 months of Supervised Release. (ECF # 113). The first condition of Supervised Release is a prohibition against violating federal, state or local law. Id. Another term of Supervised Release imposed by this Court was a requirement that the defendant study for and obtain a GED. Id

(Doc. 116, pg. 1).

Chavira is statutorily eligible for early release of supervision:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . .

18 U.S.C. § 3583(e). "[T]he plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). Additionally, a district court is to explain the reasons for its ruling on a request for early termination of supervised release. *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014).

However, a district court "'need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them.'" *Id*. at 822 (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)). Additionally, the Ninth Circuit has declined to read a "changed circumstance" requirement into the statute. *United States v. Bainbridge*, 746 F.3d 943, 949 (9th Cir. 2014).

Here, Chavira asserts he has made many positive changes in his life, including getting married, having a child, purchasing a home, and starting his own business. However, the probation officer in this case, Natasha Kopsie, recommends against terminating Chavira's supervised release. Chavira has a previous misdemeanor conviction for DUI and an Arizona state court required Chavira to only operate motor vehicles equipped with an ignition interlock device. Ms. Kopsie states that she observed Chavira driving a motor vehicle that was not equipped with such an ignition interlock device.

Furthermore, a condition of Chavira's supervised release was that he obtain his GED. Chavira has yet to obtain his GED, but claims that his inability to do so stems from his dysgraphia and dyslexia. However, Chavira has provided no supporting

documentations demonstrating that he suffers from those conditions. Even compliance with the terms of supervised release is not enough by itself to warrant early termination. *See e.g. Folks v. United States*, 733 F.Supp.2d 649, 652-52 (M.D.N.C. 2010) (collecting cases); *see also United States v. Grossi*, No. 04–40127 DLJ, 2011 WL 704364 *2 (N.D.Cal. Feb. 11, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Chavira's lack of compliance with the terms of supervised release is concerning and the Court finds no reason to second-guess the original sentencing decision as to the length of supervised release or the recommendation of Chavira's supervising probation officer. The Court commends Chavira for the positive changes he has made while on supervision and encourages him to successfully complete supervision which will expire on July 31, 2020. However, this is not a circumstance tending to prove that a lesser period of rehabilitation is required than that previously determined. The interests of justice are best served by ensuring Chavira complies with the terms of his release for the length of time the Court originally estimated was necessary to ensure his rehabilitation.

However, based on Chavira's request, the Court will modify the conditions of supervised release to allow Chavira to travel to Mexico only with the advance approval of his probation officer.

Accordingly, IT IS ORDERED:

1. Defendant's Motion for Early Termination of Supervised Release (Doc. 115) is **denied**.
2. Defendant's conditions of supervised release are modified to allow travel to Mexico only with the prior approval of his probation officer.

Dated this 11th day of June, 2019.

Honorable Cindy K. Jorgenson
United States District Judge

cc: Natasha Kopsie, USPO